REQUESTED BY: Senator David Landis Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Landis:
This is in response to your letters of March 26, 1985, and April 10, 1985, concerning the effect of the passage of either LB 664 or LB 358 upon the Open Meetings Law as it has been interpreted and applied by the Nebraska Supreme Court in the case of Grein v. Board of Education, 216 Neb. 158,343 N.W.2d 718 (1984).
The underlying motivation for these legislative bills apparently stems from varying interpretations of the Supreme Court decision in Grein which dealt with Neb.Rev.Stat. § 84-1410 (Supp. 1984), and the criteria under which a public body may hold a closed session. Neb.Rev.Stat. § 84-1410(1) provides as follows:
 Any public body may hold a closed session by the affirmative vote of a majority of its voting members if a closed session is clearly necessary for the protection of the public interest or for the prevention of needless injury to the reputation of an individual and if such individual has not requested a public meeting. Closed session may be held for, but shall not be limited to, such reasons as:
 (a) Strategy sessions with respect to collective bargaining, real estate purchases, or litigation;
 (b) Discussion regarding deployment of security personnel or devices;
 (c) Investigative proceedings regarding allegations of criminal misconduct; or
 (d) Evaluation of the job performance of a person when necessary to prevent needless injury to the reputation of a person and if such person has not requested a public meeting.
 Nothing in this section shall permit a closed meeting for discussion of the appointment or election of a new member to any public body.
The statute sets forth two standards which a public body may rely upon in order to hold a closed session, these being the protection of the public interest, or the prevention of needless injury to the reputation of an individual. The statute then goes on to list four examples of situations which would fall under these two standards, but further provides specifically that the situations allowing closed sessions are not limited to these enumerated examples.
As we read the court's decision in Grein, supra, the court does nothing more than apply these existing provisions of the statute. The court first found that "the board was not entitled to adjourn to a closed session based upon `protection of the public interest' contemplated by § 84-1410, in view of the circumstances presented in this case." Id.at 166. The court next found that "prevention of needless injury to an individual's reputation as a basis for a closed session was not established under the circumstances, and this exemption from an open session was not available to the board." Id. at 166-167. The court then rejected the board's attempted defense of good faith motivation.
 The board suggests a good faith motivation for a closed session is a cure for noncompliance with the Public Meetings Laws. The Public Meetings Laws contain no such rehabilitative or curative provisions. If we were to permit the board's action to stand on the basis of good intention, such a rule would become an invitation, perhaps a license, for a public body to circumvent the Public Meetings Laws' limited exemptions by an additional criterion of good faith or good intention in adjournment to a closed session. We hold that in civil actions good faith or good intention on the part of the public body is irrelevant to the question of compliance with the provisions of the Public Meetings Laws authorizing a closed session. Citations omitted. The only question of fidelity involved is adherence to the requirements of the Public Meetings Laws.
Id. at 167.
The court clearly applied the existing two standards set forth in the act, and in turn refused to adopt an additional standard not set forth in the act itself. We simply do not read this decision, as some have apparently suggested, to mean that the court limited the reasons for a closed session to the four examples contained in § 84-1410(1). The court did not even find it necessary to concern itself with the examples listed in the statute, but applied only the two broad criteria for a closed session found in the statute. In summation, the decision of the court in Grein, supra, neither expands nor limits the requirements for a closed session as outlined in § 84-1410(1), but rather merely applies the statute as it is written.
The effects of the proposed legislative bills upon the current open meetings law would then be as follows. LB 358 would add an additional standard for a closed session, that being the "good faith discretion of the public body," which in essence was the defense used by the board in Grein, and rejected by the court as not being within the provisions of the existing Public Meetings Laws. LB 664, on the other hand, would narrow the standards for a closed session to the four listed examples presently set forth in § 84-1410, thus making the law more restrictive.
Very truly yours,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General